Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MARY GREENEY, Respondent, for Compensation under the Workmen's Compensation Law for Herself and Children for the Death of PETER GREENEY, v. HABERLE-CRYSTAL SPRING BREWING COMPANY, Employer, and INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, March 3, 1920.

Workmen's Compensation Law — injury arising out of and in course of employment — death of employee by bursting of beer keg — inability to understand orders by reason of deafness.

Where an employee of a brewery was directed to clean some empty beer kegs, with the aid of another employee, who was in charge of the work, in the laundry of the brewery or in some other place on the brewery

property, and not understanding the instructions because of deafness took the kegs with the consent of his fellow-worker to the plant of an oil company across the street where he forced steam and hot water into them by means of a hose, with the result that a keg burst, owing to the pressure, and caused his death, his injury arose out of and in the course of his employment, within the meaning of the Workmen's Compensation Law, for he did not know that he was disobeying orders, and was acting in good faith with intent to benefit his employer, and this with the approval of the other employee who was in immediate control of the work.

Appeal by the defendants, Haberle-Crystal Spring Brewing Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 27th day of June, 1919.

*Fitch & Grant [Grant C. Fox* of counsel], for the appellants.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

Cochrane, J.:

The sole argument against this award is that the injury did not arise out of and in the course of the employment. (See Workmen's Compensation Law, §§ 10, 3, subd. 7, as amd. by Laws of 1917, chap. 705.) The employer was a brewer. The manager of the brewery told the deceased employee, Greeney, and another employee, named Lille, to procure two empty beer kegs and rinse them out with hot water in the laundry adjoining the brewery, or if they could not procure hot water there to take them to a place back of the brewery for that purpose. Greeney was deaf and did not understand the instructions. He asked Lille what the manager was saying, and Lille testifies: " I told him he wanted us to bring back a couple of kegs and wash them out." Lille did not tell Greeney, however, about the instructions as to where they were to get the hot water. The manager makes it clear in his testimony that Lille was in charge of the work. Lille and Greeney procured the kegs, and Greeney suggested taking them to the plant of the Oil Well Supply Company, which was across the street from the brewery and where they could be washed out more expeditiously, thereby saving time for the employer. Lille, who was in charge of the work, acquiesced and procured the consent of the Oil Well Supply Company.

A hose was inserted in the keg and steam and hot water forced into it until the pressure became such that the keg burst, striking Greeney and causing his death. It thus appears that Greeney did not know that he was disobeying orders. He was accomplishing the instructions of the manager as he understood them. What he did was in good faith and with intent to benefit his employer. And what is perhaps more important he had the approval of the person who was in immediate control of the work. If he had been consciously disobedient a different question would exist which we need not consider.

I recommend that the award be affirmed.

Award unanimously affirmed.